UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOOKER HOLLINS, | ) | CASE NO. 1:10CV2724 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FRANCISCO PINEDA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

On December 2, 2010, petitioner *pro se* Booker Hollins filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Hollins is incarcerated at the Hocking Correctional Facility, having been convicted in 2009, pursuant to a guilty plea, of trafficking in drugs. As grounds for the petition, he asserts his counsel was ineffective and there was insufficient evidence to support his conviction.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It is evident on the face of the petition that Hollins has yet to exhaust his state court remedies, as there is no indication he has pursued a direct appeal.[1] The petition is thus

---

[1] Hollins' state habeas action is insufficient for purposes of exhaustion, as such an action may be pursued solely to challenge jurisdiction of the trial court. Ohio Rev.Code § 2725.05.

premature.[2] Based on the foregoing, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

       **IT IS SO ORDERED**.

Dated: January 26, 2011

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] The Court expresses no opinion concerning whether or not petitioner procedurally defaulted in the state court.